UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

DENNY ALMONTE,

                         Defendant.
-------------------------------------------------------X

**OPINION & ORDER**
08-CR-427 (SJF)

FEUERSTEIN, J.

On February 18, 2009, defendant Denny Almonte ("defendant") pleaded guilty before Magistrate Judge A. Kathleen Tomlinson to the single count of an indictment charging him with distribution and possession with intent to distribute fifty (50) grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), a Class A felony. By order entered February 26, 2009, I accepted defendant's guilty plea. On May 5, 2010, I sentenced defendant to a determinate term of imprisonment of sixty-two (62) months, to be followed by a period of supervised release for five (5) years. Pending before the Court is defendant's motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which the government opposes. For the reasons set forth herein, defendant's motion is granted and the sixty-two (62) month term of imprisonment imposed upon defendant is reduced to fifty-seven (57) months pursuant to 18 U.S.C. § 3582(c)(2).

I.     Background

The Presentence Report ("PSR"), as amended by an Addendum dated May 13, 2009,

adopted by the Court without change, indicates that defendant is responsible for distributing one hundred twenty-five (125) net grams of cocaine base.[1] Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentence, defendant's base level offense was thirty (30). The offense level was reduced by two (2) levels pursuant to the "safety-valve" set forth in Section 5C1.2 of the Guidelines, defendant having met the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), see Addendum, and by three (3) more levels based upon defendant's acceptance of responsibility, thereby reducing his total offense level to twenty-five (25). Since defendant's criminal history placed him in Criminal History Category I, the then-applicable advisory Guidelines range was a term of imprisonment of fifty-seven (57) to seventy-one (71) months if the Court found that the statutory minimum was not applicable pursuant to 18 U.S.C. § 3553(f); otherwise the effective Guidelines term was one hundred twenty (120) months, the statutory minimum under 21 U.S.C. § 841(b)(1)(A).

Defendant was sentenced to a term of imprisonment of sixty-two (62) months[2], within the then-applicable Guidelines range, based upon, *inter alia*, my finding that the mandatory statutory minimum did not apply pursuant to the statutory safety valve in 18 U.S.C. § 3553(f), to be followed by a period of supervised release for five (5) years.

On November 30, 2011, defense counsel filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking to reduce defendant's sentence based upon Amendment 750 to the

---

[1] Defense counsel contended in his sentencing memorandum that the net weight of the crack cocaine was ninety-eight point seven (98.7) grams.

[2] The government erroneously contends that defendant was sentenced to a term of imprisonment of sixty-one (61) months. See Government's Letter to Court dated December 28, 2011 ("Govt. Opp."), (Doc. No. 42), at 2.

Guidelines, effective November 1, 2011, which: (a) implements the Fair Sentencing Act of 2010 ("the FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010), by, *inter alia*, reducing the Guidelines ranges for certain federal crack cocaine offenders and (b) applies retroactively, see U.S.S.G. 1B1.10(c). In his motion, defense counsel renews the arguments under 18 U.S.C. § 3553 he had forth in his sentencing memorandum, i.e., that a sentence should be imposed at the "lower end" of the advisory guidelines range based upon: (a) defendant's "tragic history that occurred a few months prior to his arrest," i.e., on November 22, 2007, he had been driving a vehicle involved in a motor vehicle accident in which his paternal grandfather was fatally injured and had become "heavily addicted to prescription pain medication" as a result of his own injuries sustained in that accident; (b) defendant's stable and constant employment history prior to his incarceration; (c) defendant's close family ties and active role in the life of his then-eight (8) year old daughter; (d) defendant's criminal history involving, *inter alia*, only a few minor offenses under New York State law, i.e., disorderly conduct and harassment in the second degree, for which he had never been incarcerated; (e) defendant's lack of disciplinary problems, participation in a variety of drug and social rehabilitation programs and maintenance of a non-paying job while incarcerated; and (f) the fact that a sentence at the lower end of the Guidelines range would be sufficient deterrence. Defense counsel also noted in his sentencing memorandum that defendant had accepted full responsibility for his offense, for which his total offense level had been reduced by three (3) levels.

The government does not dispute that defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Nonetheless, the government opposes any reduction on the grounds that "the defendant has already received a huge reduction in his sentenced [sic] pursuant to the safety

valve and when he was initially released in this matter, after agreeing to cooperate, he refused, thus his bail was revoked." (Govt. Opp., at 4-5).

II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> "The court may not modify a term of imprisonment once it has been imposed except that— * * * in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant * * *, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 130 S. Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). "The question in [this] context is not what sentence is appropriate, but rather whether the sentence actually imposed should be reduced in light of an intervening retroactive amendment." United States v. Rivera, 662 F.3d 166, 179 (2d Cir. 2011). A Section 3582(c)(2) proceeding is "a limited revisiting of a previously-imposed sentence, during which the analytic framework of the sentence is replicated with one exception— the provision that has been retroactively amended is substituted for the corresponding provision applied at the time of sentencing." Id. at 180. Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding,"

4

Dillon, 130 S. Ct. at 1391, the sentencing court is not "free to address * * * arguments regarding [other] errors at [the defendant's] original, now-final sentencing." United States v. Mock, 612 F.3d 133, 134-35 (2d Cir. 2010).

It is undisputed that part A of Amendment 750 reduces the offense levels applicable to federal crack cocaine offenses, including the offense for which defendant was convicted, by two (2) levels, see Drug Quantity Table in U.S.S.G. § 2D1.1(c)(7), and that the Sentencing Commission added Amendment 750 to Section 1B1.10(c) of the Guidelines as a retroactive amendment pursuant to its authority under 28 U.S.C. § 994(u). However, "[a] retroactive amendment merely authorizes a reduction in sentence; it does not require one." Rivera, 662 F.3d at 170. Moreover, "Section 3582(c)(2) grants courts the authority to reduce sentences only if doing so is consistent with the [Sentencing] Commission's applicable policy statements." Id.; see also Freeman v. United States, 131 S. Ct. 2685, 2693, 180 L.Ed.2d 519 (2011) ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") The relevant policy statement is set forth in Section 1B1.10 of the Guidelines which provides, in relevant part:

> "(a) Authority–
>
> > (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> >
> > (2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in

5

subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.–

(1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.– (A) Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

* * *."

Thus, pursuant to the policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." Freeman, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

6

In Dillon, the Supreme Court articulated a two (2)-step inquiry that must be applied in considering a defendant's request for a sentence reduction pursuant to Section 3582(c)(2). 130 S.Ct. 2683, 177 L.Ed.2d 271. First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 * * * by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. Moreover, "the limitations on the degree of a sentence reduction under § 3582(c)(2) [as set forth in Section 1B1.10(b)(2)] are mandatory." Rivera, 662 F.3d at 171.

At the second step of the Dillon inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." Mock, 612 F.3d at 137. Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." Freeman, 131 S. Ct. at 2694.

A. Step One of the Dillon Inquiry

It is undisputed that under Amendment 750, defendant's base level offense is eligible for a two (2)-point reduction, i.e., from thirty (30) to twenty-eight (28). See U.S.S.G. § 2D1.1(c)(7) (prescribing an amended base level of twenty-eight (28) for, *inter alia*, an offense involving at

least one hundred twelve (112) grams but less than one hundred ninety-six (196) grams of cocaine base). Applying the two (2)-level "safety valve" reduction and three (3)-level reduction for acceptance of responsibility that were applied on defendant's original sentencing, reduces his total offense level to twenty-three (23). Given defendant's Criminal History Category of I, the amended Guidelines range for a term of imprisonment is forty-six (46) to fifty-seven (57) months. See U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Accordingly, defendant is eligible for a sentence reduction under Section 3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced by as much as sixteen (16) months, i.e., to forty-six (46) months, the minimum amended Guidelines range. See U.S.S.G. 1B1.10(b)(2).

B.   Step Two of the Dillon Inquiry

The government contends, *inter alia*, that in being sentenced to only sixty-two (62) months, "defendant has already received a huge reduction in his sentenced [sic] pursuant to the safety valve."[3]

Absent any safety valve reduction, defendant's total offense level under the amended Guidelines, taking into account the amended base offense level and only the acceptance of responsibility reduction, would be twenty-five (25), which has an advisory Guidelines range of fifty-seven (57) to seventy-one (71) months. However, if the acceptance of responsibility

---

[3] I reject the government's contention that defendant's sentence should not be reduced because his bail had been revoked when he refused to cooperate with the government upon his initial release from custody based upon, *inter alia*, the Addendum to the PSR and my finding on the original sentencing, unchallengeable in this proceeding, that the safety valve applied and, therefore, that defendant had "truthfully provided to the Government all information and evidence [he] ha[d] concerning the offense." 18 U.S.C. § 3553(f)(5).

8

reduction is included, as is required under the policy statement since it was included upon the original sentencing, the amended Guidelines range is only forty-six (46) to fifty-seven (57) months. Thus, a term of imprisonment of sixty-two (62) months, above the amended Guidelines range, does not account for any safety valve reduction, much less a "huge" one.

Upon review of the sentencing memoranda, the PSR, as amended by the Addendum, and the parties' submissions, and consideration of the factors listed in Section 3553(a), particularly, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the applicable policy statements issued by the Sentencing Commission, see U.S.S.G. § 1B1.10, defendant's motion for a reduction of his sentence is granted and the sixty-two (62) month term of imprisonment imposed upon defendant is reduced to fifty-seven (57) months pursuant to 18 U.S.C. 3582(c)(2).

III. Conclusion

For the reasons set forth above, defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) is granted and the sixty-two (62) month term of imprisonment imposed upon defendant is reduced to fifty-seven (57) months.

SO ORDERED.

                                              SANDRA J. FEUERSTEIN
                                              United States District Court

Dated: January 30, 2012
       Central Islip, New York